FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS MCCORMACK,

    Plaintiff,

-against-

MTA METRO-NORTH RAILROAD, HARRY KELLY AND ROBERT SARACENI,

    Defendants.

2008 CV 4057 (SHS)

ECF Case

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

LITTLER MENDELSON
A Professional Corporation
Eric D. Witkin
Elias J. Kahn
900 Third Avenue, 20th Floor
New York, New York 10022
(212) 583-9600
Attorneys for Defendants

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES .................................................................................................. ii
PRELIMINARY STATEMENT ............................................................................................ 1
STATEMENT OF FACTS ..................................................................................................... 2
ARGUMENT .......................................................................................................................... 4

I.   BECAUSE PLAINTIFF DOES NOT PLEAD THAT HE PARTICIPATED IN A TITLE VII PROCEEDING OR THAT HE OPPOSED DISCRIMINATION PROSCRIBED BY TITLE VII, THE COURT SHOULD DISMISS THE TITLE VII RETALIATION CLAIM ............................................................................................ 5

    A.   Plaintiff Does Not Plead That He Participated In A Title VII Proceeding ............ 6

    B.   Plaintiff Does Not Plead a Violation of Title VII's Opposition Clause ................ 7

        1.   Plaintiff Does Not Plead That He Opposed Unlawful Conduct ................ 7

        2.   Plaintiff Does Not Plead MNRR Reasonably Understood That He Was Opposing Practices Barred By Title VII ........................................... 8

II.  BECAUSE TITLE VII AND § 1981 RETALIATION CLAIMS REQUIRE THE SAME ELEMENTS, THIS COURT SHOULD DISMISS PLAINTIFF'S § 1981 RETALIATION CLAIMS ................................................................................... 10

    A.   The Court Should Dismiss the § 1981 Claim Against MNRR ............................ 10

    B.   The Court Should Dismiss the § 1981 Claim Against Kelly and Saraceni. ........ 10

III. BECAUSE PLAINTIFF'S §1983 CLAIM DOES NOT ALLEGE THAT DEFENDANTS VIOLATED A FEDERAL RIGHT DISTINCT FROM HIS ALLEGED RIGHTS UNDER TITLE VII, THIS COURT SHOULD DISMISS HIS § 1983 RETALIATION CLAIM ................................................................................. 11

IV.  BECAUSE COURTS APPLY THE FEDERAL ANALYSIS TO CLAIMS UNDER NYSHRL AND NYCHRL, THIS COURT SHOULD DISMISS THOSE CLAIMS ............................................................................................................. 11

    A.   This Court Should Dismiss The State And City Law Claims Against MNRR ................................................................................................................. 11

    B.   Because Plaintiff Fails to State a Claim that Metro-North Violated NYSHRL and NYCHRL, This Court Should Dismiss the State And City Law Claims Against Kelly And Saraceni .............................................. 12

CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                 **Page**

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .......................................................... 4, 14

*Bick v. City of New York*, 95 Civ. 8781 (KMW), U.S. Dist. LEXIS 9762 (S.D.N.Y. July 9, 1997) ............................................................................................................................................. 6

*Boss v. Kelly*, 07 Civ. 2113 (SHS), U.S. Dist. LEXIS 62348 (S.D.N.Y. Aug. 23, 2007) ............. 4

*Carmody v. City of New York*, 05 Civ. 8084 (HB), U.S. Dist. LEXIS 83207 (S.D.N.Y. Nov. 13, 2006) ........................................................................................................................ 11

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................................................. 4

*Correa v. Mana Prods., Inc.*, 550 F. Supp. 2d 319 (E.D.N.Y. 2008) ........................................ 6, 10

*Deravin v. Kerik*, 335 F.3d 195 (2d Cir. 2003) ................................................................................ 6

*Dorvil v. Hilton Hotels Corp.*, 25 A.D.3d 442 (1st Dep't 2006) ............................................... 11-12

*EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171 (11th Cir. 2000) ................................................... 5

*Fesce v. Guardsman Elevator Co.*, 96 Civ. 6793 (LAP), U.S. Dist. LEXIS 3878 (S.D.N.Y. March 23, 1998) .................................................................................................... 8

*Galdieri-Ambrosini v. National Realty & Dev. Corp.*, 136 F.3d 276 (2d Cir. 1998) ................. 7, 8

*Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331 (S.D.N.Y. 2000) .................................................... 4

*Goldstein v. Pataki*, 516 F.3d 50 (2d Cir. 2008) ............................................................................. 4

*Igielnik v. NYC Human Resources Admin.*, 94 Civ. 0810 (HB), U.S. Dist. LEXIS 3635 (S.D.N.Y. March 26, 1996) .................................................................................................. 11

*Ingram v. Giant Food, Inc.*, 187 F. Supp. 2d 512 (D. Md. 2002) ................................................. 10

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ................................................................................... 5

*Jowers v. Lakeside Family & Children's Servs.*, 03 Civ. 8730 (LMS), U.S. Dist. LEXIS 30977 (S.D.N.Y. Nov. 22, 2005) ........................................................................................... 6

*Jute v. Hamilton Sundstrand Corp.*, 321 F. Supp. 2d 408 (D. Conn. 2004) ................................... 5

## TABLE OF AUTHORITIES
### (continued)

Page

*Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005) ............................................. 5, 6

*Lloyd v. N.Y. Botanical Garden*, 03 Civ. 7557 (BSJ), U.S. Dist. LEXIS 49066 (S.D.N.Y. July 6, 2006) ............................................................................................................................ 11

*Mack v. Otis Elevator Co.*, 326 F.3d 116 (2d Cir. 2000) ............................................................ 11

*Martin v. Citibank*, N.A., 762 F.2d 212 (2d Cir. 1985) ............................................................. 10

*McMenemy v. City of Rochester*, 241 F.3d 279 (2d Cir. 2001) .................................................. 6

*McKenzie v. Meridian Capital Group, LLC*, 35 A.D.3d 676 (2d Dep't 2006) ......................... 12

*McPherson v. NYP Holdings, Inc.*, 05 Civ. 5404, 2007 U.S. App. LEXIS 15470 (2d Cir. June 27, 2007) ........................................................................................................................ 13

*Moche v. City Univ. of New York*, 781 F. Supp. 160 (E.D.N.Y. 1992), *aff'd*, 999 F.2d 538 (2d Cir. 1993) .......................................................................................................................... 11

*Priore v. N.Y. Yankees*, 307 A.D.2d 67 (1st Dep't 2003) .......................................................... 12

*Taggart v. Moody's Investors Serv.*, 06 Civ. 3388 (PKC), U.S. Dist. LEXIS 52765 (S.D.N.Y. July 16, 2007) ......................................................................................................... 14

*Unotti v. ABC*, 273 A.D.2d 68 (1st Dep't 2000) ....................................................................... 12

*Velasquez v. Goldwater Mem. Hosp.*, 88 F. Supp. 2d 257 (S.D.N.Y. 2000) .............................. 8

**Statutes**

Title VII § 704(a), 42 U.S.C. § 2000e-3(a) ........................................................................ *passim*

Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981") ..................................................... 1, 2, 10

Civil Rights Act of 1871, 42 U.S.C. § 1983 ("§ 1983") ..................................................... 1, 2, 11

New York City Administrative Code (Article 8) ............................................................... *passim*

New York State Executive Law Section 296, *et seq* .......................................................... *passim*

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 4, 5, 14

## **PRELIMINARY STATEMENT**

Defendants MTA Metro-North Railroad ("MNRR"), Harry Kelly ("Kelly"), and Robert Saraceni ("Saraceni") (collectively, "Defendants") submit this Memorandum of Law in support of their Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's Amended Complaint ("Complaint" or "Cplt.")[1] for failure to state a claim upon which relief can be granted.

Plaintiff Thomas McCormack ("Plaintiff") alleges that Defendants retaliated against him for participating in MNRR Workforce Diversity Department ("Workforce Diversity") internal investigations of certain employment practices in MNRR's Building Services Department, where he worked. His Amended Complaint adds the claim that he was retaliated against for opposing such practices. He claims that the alleged retaliation violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), New York State Executive Law Section 296, *et seq.* ("New York State Human Rights Law" or "NYSHRL"), and Article 8 of the New York City Administrative Code ("New York City Human Rights Law" or "NYCHRL"). He also alleges that Defendants Kelly and Saraceni retaliated against him in violation of § 1981, Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("§ 1983"), NYSHRL, and NYCHRL.

Plaintiff fails to state an actionable retaliation claim under the above-cited statutes because his Complaint fails to allege he engaged in any activities those statutes protect. To show he engaged in such a protected activity under Title VII, he must plead that he either (1) participated in a pending Title VII proceeding, or (2) opposed discriminatory conduct prohibited by Title VII and that his employer was aware of his opposition. He does not plead that he participated in a pending Title VII proceeding, so his Complaint fails to state a claim of

---

[1] Plaintiff's July 11, 2008 Amended Complaint is Exhibit A to Defendants' Notice of Motion.

1

"participation" retaliation. His Complaint also fails to allege that he opposed discriminatory conduct proscribed by Title VII or that MNRR was aware of such opposition. His Complaint thus fails to state a Title VII "opposition" retaliation claim. And because courts analyze § 1981 claims the same way as Title VII retaliation claims, the Court should dismiss his § 1981 claim. The Court should also dismiss his § 1983 claim because he may assert concurrent Title VII and § 1983 claims only where they are based on distinct legal rights, and he has not so pleaded.

And because courts analyze New York State and City law retaliation claims the same way as Title VII retaliation claims, the Court should dismiss Plaintiff's NYSHRL and NYCHRL retaliation claims. Moreover, the Court should dismiss the NYSHRL aiding-and-abetting claims against Defendants Kelly and Saraceni because Plaintiff has not pleaded that MNRR engaged in retaliation made unlawful by the NYSHRL.

## STATEMENT OF FACTS

Plaintiff was Assistant Superintendent of Grand Central Terminal ("GCT") until late June 2007 (Cplt. ¶ 7).[2] He reported to Defendant Kelly, Superintendent of Building Services of GCT, who in turn reported to Defendant Saraceni, General Superintendent of GCT (*id.* ¶¶ 5-7). Plaintiff claims that in 2006 and 2007 he "participated in several internal investigations by the Workforce Diversity Department of complaints of discrimination and unfair treatment within the GCT Department" (*id.* ¶ 11). However, he does not plead that the complaints concerned unlawful discrimination, and he admits that he "was not privy to all aspects of the complaints in question" and "was unaware of the particulars of the complaints" (*id.* ¶¶ 11-12). He claims that he was aware that the complaints "involved" Defendant Kelly's alleged "subversions" or violations of "MNRR's policies regarding compensation, hiring and promotion," and he

---

[2] Solely for purposes of this motion to dismiss, Defendants here treat the factual allegations of the Amended Complaint as true.

conclusorily claims he opposed Kelly's actions. *Id.* He does not allege any facts to establish the form, manner, or substance of his alleged opposition.

Plaintiff does not plead that he opposed unlawful discrimination or that Kelly unlawfully discriminated. While Plaintiff claims he "understood" that "similar subversions" of MNRR policies "had given rise" to race discrimination claims settled in 2003 (Cplt. ¶ 11), he does not allege that he told Defendants in 2006 and 2007 that he was opposing race discrimination. Rather, he claims only that he opposed Kelly's alleged violations of MNRR's policies, that he communicated this to Workforce Diversity, and that he "believed" that Kelly's actions "exposed" MNRR to claims of unlawful discrimination, although he does not claim that he told this to Workforce Diversity (*id.* ¶ 12).

Plaintiff thus does not plead that he told anyone in Workforce Diversity that Kelly had engaged in unlawful discriminatory conduct. He alleges that after MNRR settled a race discrimination case in 2003 regarding disciplinary and promotional policies, he was "given to understand" that variances from MNRR hiring, compensation, and disciplinary policies "were likely to result" in a violation of anti-discrimination laws (Cplt. ¶ 9). But he does not allege that, three or four years later during Workforce Diversity's investigations, he told anyone at MNRR that Kelly's alleged violations of MNRR's employment policies were unlawful discrimination based on a protected category under Title VII, NYSHRL, or NYCHRL (*id.* ¶¶ 11-12).

Plaintiff also does not allege he participated in a Title VII proceeding (or an equivalent state or city law proceeding), nor does he claim any Title VII proceeding (or corresponding state or city law proceeding) was pending at the time he participated in the internal investigations.

## **ARGUMENT**

### **Standards Applicable to a Motion to Dismiss**

Although the Court must accept as true, for purposes of a Rule 12(b)(6) motion, the well-pleaded factual allegations of the Complaint, the Court need not accept as true wholly "conclusory allegations or legal conclusions masquerading as factual conclusions." *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (citation omitted). In addition, although the complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has fair notice of what the claim is and the grounds upon which it rests, a plaintiff's obligation to state the grounds for his entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

The Court in *Twombly* stated that "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id.* A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Id. See also Goldstein v. Pataki,* 516 F.3d 50, 56 (2d Cir. 2008) (*Twombly* "disavowed the oft-quoted statement from *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"); *Boss v. Kelly*, 07 Civ. 2113 (SHS), 2007 U.S. Dist. LEXIS 62348, *7-*8 (S.D.N.Y. Aug. 23, 2007) (granting motion to dismiss). After *Twombly*, the Second Circuit adopted a "flexible plausibility standard" for motions to dismiss, "which obliges a pleader to amplify a claim with some factual allegations

4

in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

Plaintiff has not pleaded facts satisfying these standards or sufficient to survive a Rule 12(b)(6) motion to dismiss. Accordingly, the Court should dismiss all of his claims.

I. **BECAUSE PLAINTIFF DOES NOT PLEAD THAT HE PARTICIPATED IN A TITLE VII PROCEEDING OR THAT HE OPPOSED DISCRIMINATION PROSCRIBED BY TITLE VII, THE COURT SHOULD DISMISS THE TITLE VII RETALIATION CLAIM.**

The anti-retaliation clause of Title VII states:

> It shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Title VII § 704(a), 42 U.S.C. § 2000e-3(a). The statute protects against retaliation for two activities: (1) participation in Title VII proceedings[3]; and (2) opposition to discrimination proscribed by the statute. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). Plaintiff does not plead facts establishing that he participated in a Title VII proceeding, nor does he allege that any Title VII proceeding was pending at the time he participated in Workforce Diversity's investigations. Moreover, he does not allege facts establishing that he opposed discrimination prohibited by Title VII or that MNRR was aware he opposed illegal discrimination. He simply alleges that he opposed Kelly's violation of certain MNRR

---

[3] To participate in a Title VII proceeding, an individual must take part in an "investigation or proceeding . . . brought under Title VII." *Jute v. Hamilton Sundstrand Corp.*, 321 F. Supp. 2d 408, 415 (D. Conn. 2004), *aff'd in part and vacated in part on other grounds by Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005). *See also EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174, n. 2 (11th Cir. 2000) ("At a minimum, some employee must file a charge with the EEOC . . . or otherwise instigate proceedings under the statute for the conduct to come under the participation clause.").

5

employment policies. Accordingly, the Court should dismiss Plaintiff's Title VII retaliation claim (Cplt. ¶ 26).

### A. Plaintiff Does Not Plead That He Participated In A Title VII Proceeding.

The "participation" prong of Title VII's anti-retaliation clause protects only those activities occurring in the context of an actual Title VII proceeding. *See Deravin v. Kerik*, 335 F.3d 195, 204 (2d Cir. 2003) ("defending oneself against charges of discrimination -- to the extent that such defense involves actual participation in a Title VII proceeding or investigation -- is 'protected activity' within the scope of § 704(a) based on a plain reading of the statute's text."); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005) ("Section 704(a) of Title VII provides protection for . . . those participating in Title VII proceedings."); *Jowers v. Lakeside Family & Children's Servs.*, 03 Civ. 8730 (LMS), 2005 U.S. Dist. LEXIS 30977, at *15 (S.D.N.Y. Nov. 22, 2005) (rejecting plaintiff's claims that he suffered retaliation "during a time period when he was not participating in any Title VII proceeding"). Title VII proceedings are initiated by the filing of a charge of discrimination with the EEOC. The Complaint does not allege any such filing before or during Plaintiff's alleged activity here.

Plaintiff alleges that he participated in several Workforce Diversity internal investigations, but he does not allege that any of them concerned Title VII proceedings (Cplt. ¶ 11). Participation in internal investigations is not protected activity absent pending Title VII proceedings. *See McMenemy v. City of Rochester*, 241 F.3d 279, 283 (2d Cir. 2001) (analyzing internal investigations under opposition clause rather than participation clause because plaintiff's personal investigation was not a Title VII proceeding); *Bick v. City of New York*, 95 Civ. 8781 (KMW), 1997 U.S. Dist. LEXIS 9762, at *12, n. 4 (S.D.N.Y. July 9, 1997) ("[P]articipation must be in an investigation or proceeding covered by Title VII, and thus not in an internal employer investigation."); *Correa v. Mana Prods., Inc.*, 550 F. Supp. 2d 319, 329 (E.D.N.Y.

2008) (participating in an internal investigation does not constitute participation under § 704(a)). Because the Complaint does not allege that Plaintiff participated in a Title VII proceeding, the Complaint fails to state a claim of a violation of Title VII's participation clause.

Accordingly, the Court should dismiss the participation-retaliation claim (Cplt. ¶ 26).

### B. Plaintiff Does Not Plead a Violation of Title VII's Opposition Clause.

To state a *prima facie* claim of retaliation for opposition under § 704(a) of Title VII, Plaintiff must plead: (1) that he engaged in protected activity by opposing a practice made unlawful by Title VII; (2) that the employer was aware of that activity; (3) that he suffered an adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action. *Galdieri-Ambrosini v. National Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998). Plaintiff must plead that he opposed an employment practice that he had a good faith, reasonable belief violated Title VII and that MNRR "understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." *Id.* Plaintiff does not plead facts establishing that he opposed discriminatory employment practices made unlawful by Title VII, nor does he plead that MNRR was aware that he opposed discriminatory practices proscribed by Title VII. Accordingly, the Complaint fails to state a claim of a violation of Title VII's opposition clause.

#### 1. Plaintiff Does Not Plead That He Opposed Unlawful Conduct.

Plaintiff admits he was "not privy to all aspects of the complaints in question" and was "unaware of the particulars of the complaints that had been made to Workplace Diversity" (Cplt. ¶¶ 11-12). He claims that the complaints involved practices regarding "compensation, hiring and promotion," but he does not claim that any such complaints or his communications to Workforce Diversity opposed unlawful discrimination based on a protected category under Title VII. *Id.* Even if he had been "given to understand" three years earlier in 2003 that variances from MNRR

7

hiring, compensation, and disciplinary policies would likely result in a violation of anti-discrimination laws, he does not plead that he told anyone at MNRR in 2006 or 2007 that Defendant Kelly's practices were unlawful discrimination (Cplt. ¶¶ 9-12). Because he did not know "the particulars of the complaints" made to Workforce Diversity and because he fails to plead that he made complaints to MNRR alleging violations of Title VII, he does not plead facts establishing that he opposed conduct unlawful under Title VII. *See Fesce v. Guardsman Elevator Co.*, 96 Civ. 6793 (LAP), 1998 U.S. Dist. LEXIS 3878, at *25 (S.D.N.Y. March 23, 1998) (no retaliation because Plaintiff's complaints had nothing to do with Title VII protected categories).

### 2. Plaintiff Does Not Plead MNRR Reasonably Understood That He Was Opposing Practices Barred By Title VII.

Plaintiff does not plead that he told Workforce Diversity that Defendant Kelly's employment practices were unlawful discrimination based on race or any other protected category under Title VII. The Second Circuit holds that when a plaintiff's complaints do not oppose discrimination against a protected category, the employer cannot have reasonably understood that a plaintiff was opposing conduct prohibited by Title VII. *See Galdieri-Ambrosini*, 136 F.3d at 292 (no retaliation because Plaintiff's complaints to supervisors did not state she viewed supervisor's actions as based on her gender and nothing in her protests could reasonably have led her employer to understand that gender was the basis for her objections).

Similarly, in *Velasquez v. Goldwater Mem. Hosp.*, 88 F. Supp. 2d 257, 264 (S.D.N.Y. 2000) (SHS), this Court dismissed the opposition/retaliation claim because the employer could not have reasonably understood that the plaintiff employee had complained about national-origin discrimination when she asked whether there was a no-Spanish speaking policy and stated her understanding that she was hired because she could communicate in Spanish with Spanish-

8

speaking patients. Although she alleged issues arguably related to national origin, this Court found she had not engaged in protected opposition. *Id.* In the instant case, Plaintiff's opposition claim is weaker than Velasquez's: he does not allege that he communicated at all to MNRR about a protected category. Accordingly, Plaintiff fails to plead an opposition/retaliation claim.

Plaintiff alleges that after MNRR settled a race discrimination case in 2003 regarding MNRR disciplinary and promotional policies, he was "given to understand" that inconsistencies in MNRR hiring, compensation, and disciplinary policies would likely result in illegal discrimination (Cplt. ¶ 9). However, he does not plead facts establishing that MNRR knew that his participation three or four years later in Workforce Diversity investigations of complaints about employment practices automatically constituted his opposition to unlawful discrimination based on a protected category under Title VII. Alleged violations of an employer's hiring, compensation, or promotion policies can be based on many factors other than unlawful discrimination under Title VII, such as favoritism, violation of collective-bargaining agreements, mistakes in policy administration, poor communication between policy creators and executors, or differences of opinion on criteria for judging performance, qualifications, and misconduct. The law does not require an employer to treat every complaint it receives about an alleged violation of its employment policies as a complaint of unlawful discrimination. Accordingly, the Complaint fails to plead facts establishing that MNRR understood that Plaintiff's opposition to certain employment practices was opposition to discrimination barred by Title VII.

Accordingly, this Court should dismiss the Title VII opposition/retaliation claim (Cplt. ¶ 26).

II. **BECAUSE TITLE VII AND § 1981 RETALIATION CLAIMS REQUIRE THE SAME ELEMENTS, THIS COURT SHOULD DISMISS PLAINTIFF'S § 1981 RETALIATION CLAIMS.**

A. **The Court Should Dismiss the § 1981 Claim Against MNRR.**

The same elements of a *prima facie* retaliation claim are required for both § 1981 and Title VII. *See Correa*, 550 F. Supp. 2d at 326-27 (Title VII and § 1981 claims are analyzed under the same standard whether they are discrimination or retaliation claims). *See also Martin v. Citibank, N.A.*, 762 F.2d 212, 216-17 (2d Cir. 1985) (evaluating Title VII and § 1981 claims the same way). Accordingly, dismissal of Plaintiff's Title VII retaliation claim also requires dismissal of his § 1981 claim against MNRR (Cplt. ¶ 26). *See Correa*, 550 F. Supp. 2d at 327, 332 (dismissing Title VII and § 1981 retaliation claims and analyzing them under the same standard). *See also Ingram v. Giant Food, Inc.*, 187 F. Supp. 2d 512, 518 (D. Md. 2002) ("[B]ecause [this court has] granted Defendant's motion as to Plaintiff's Title VII disparate treatment and retaliation claims, [the court] will grant Defendant's motion as to Plaintiff's § 1981 disparate treatment and retaliation claims.").

B. **The Court Should Dismiss the § 1981 Claim Against Kelly and Saraceni.**

To state a § 1981 claim against Kelly and Saraceni, Plaintiff must plead conduct that would violate Title VII's retaliation provision because § 1981 and Title VII retaliation claims are analyzed under the same standard (*see supra* Point II.A). Because he has not pleaded that he opposed illegal discrimination or that he made either Kelly or Saraceni aware that he opposed it, Plaintiff has not pleaded that either Kelly or Saraceni unlawfully retaliated against him. In addition, he has not pleaded that he participated in a Title VII or § 1981 proceeding. Accordingly, the Court should dismiss Plaintiff's § 1981 retaliation claim against Kelly and Saraceni (Cplt. ¶ 32).

III. **BECAUSE PLAINTIFF'S §1983 CLAIM DOES NOT ALLEGE THAT DEFENDANTS VIOLATED A FEDERAL RIGHT DISTINCT FROM HIS ALLEGED RIGHTS UNDER TITLE VII, THIS COURT SHOULD DISMISS HIS § 1983 RETALIATION CLAIM.**

A plaintiff can bring concurrent Title VII and § 1983 retaliation claims only where they are based on distinct legal rights. *See Igielnik v. NYC Human Resources Admin.*, 94 Civ. 0810 (HB), 1996 U.S. Dist. LEXIS 3635, at *7-8 (S.D.N.Y. March 26, 1996) (dismissing § 1983 retaliation claims against the employer and an individual defendant because they were not based on an alleged violation of a law other than Title VII); *Moche v. City Univ. of New York*, 781 F. Supp. 160, 168 (E.D.N.Y. 1992), *aff'd*, 999 F.2d 538 (2d Cir. 1993) (plaintiff could not bring concurrent Title VII and § 1983 retaliation claims). Because Plaintiff does not allege a violation of law distinct from Title VII, this Court should dismiss his § 1983 retaliation claim against Kelly and Saraceni (Cplt. ¶ 32).

IV. **BECAUSE COURTS APPLY THE FEDERAL ANALYSIS TO CLAIMS UNDER NYSHRL AND NYCHRL, THIS COURT SHOULD DISMISS THOSE CLAIMS.**

   A. **This Court Should Dismiss The State And City Law Claims Against MNRR.**

Courts analyze New York State and City law retaliation claims the same way as Title VII retaliation claims. *See Mack v. Otis Elevator Co.*, 326 F.3d 116, 122, n.2 (2d Cir. 2000) ("Our consideration of claims brought under the state and city human rights laws parallels the analysis used in Title VII claims.") (citation omitted); *Carmody v. City of New York*, 05 Civ. 8084 (HB), 2006 U.S. Dist. LEXIS 83207, at *51-52 (S.D.N.Y. Nov. 13, 2006) (identical standards apply to Title VII and New York State and City law retaliation claims); *Lloyd v. N.Y. Botanical Garden*, 03 Civ. 7557 (BSJ), 2006 U.S. Dist. LEXIS 49066, at *21 (S.D.N.Y. July 6, 2006) ("[T]he standards under [Title VII] are identical to those under New York State and City law.").[4]

---

[4] New York courts hold that participation in internal investigations, absent a pending statutory proceeding, is not protected from retaliation by the NYSHRL or NYCHRL. *Dorvil v. Hilton*

11

Accordingly, because the Court should dismiss Plaintiff's Title VII retaliation claims against MNRR for failure to state a claim, it should also dismiss Plaintiff's New York State and City retaliation law claims against MNRR for the same reason (Cplt. ¶¶ 28, 30).

### B. Because Plaintiff Fails to State a Claim that Metro-North Violated NYSHRL and NYCHRL, This Court Should Dismiss the State And City Law Claims Against Kelly And Saraceni.

Plaintiff alleges that Kelly and Saraceni violated the NYSHRL by aiding and abetting MNRR's retaliation (Cplt. ¶ 34). But to plead individual liability for aiding-and-abetting retaliation, Plaintiff must sufficiently plead that the employer engaged in illegal retaliation under the NYSHRL. *See Priore v. N.Y. Yankees*, 307 A.D.2d 67, 74, n.2 (1st Dep't 2003) ("A separate cause of action against an employee for actively 'aiding and abetting' discriminatory practices . . . would still require proof initially as to the liability of the employer.") Because Plaintiff has not pleaded MNRR engaged in illegal retaliation under the NYSHRL (*see supra* Point IV.A), he fails to state a claim that Kelly and Saraceni aided and abetted unlawful retaliation under the NYSHRL.

The NYCHRL extends individual liability to employees who work "in some agency or supervisory capacity." *Priore*, 307 A.D.2d at 74. Plaintiff has not pleaded that either Kelly or Saraceni retaliated against him in violation of the NYCHRL. As explained above, courts analyze NYCHRL claims the same way as Title VII claims. Plaintiff has not alleged that he participated in a NYCHRL proceeding. In addition, he has not pleaded that he opposed unlawful discrimination or made anyone at MNRR -- including Kelly and Saraceni -- aware that he

---

*Hotels Corp.*, 25 A.D.3d 442, 443 (1st Dep't 2006); *Unotti v. ABC*, 273 A.D.2d 68, 68 (1st Dep't 2000). New York courts also dismiss opposition retaliation claims when the alleged opposition does not concern illegal discrimination prohibited by the State or City Human Rights Laws. *See, e.g., McKenzie v. Meridian Capital Group, LLC*, 35 A.D.3d 676, 677-78 (2d Dep't 2006) (dismissing retaliation claim because plaintiff did not allege her communication to her employer opposed a practice forbidden by the State or City Human Rights Laws).

believed Kelly's alleged violation of MNRR's employment policies constituted illegal discrimination under Title VII or NYCHRL. Accordingly, the Court should dismiss Plaintiff's NYCHRL retaliation claims against Kelly and Saraceni (Cplt. ¶ 36).

Accordingly, the Court should dismiss all of the NYSHRL and NYCHRL claims against all Defendants.[5]

---

[5] In the alternative, the Court may decline to exercise supplemental jurisdiction over the State and City law claims (Cplt. ¶¶ 28, 30, 34, 36) and dismiss them on that basis. *See McPherson v. NYP Holdings, Inc.*, 05 Civ. 5404, 2007 U.S. App. LEXIS 15470, at *4 (2d Cir. June 27, 2007).

## CONCLUSION

Courts analyze complaints more critically in light of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). *See, e.g., Taggart v. Moody's Investors Serv.*, 06 Civ. 3388 (PKC), 2007 U.S. Dist. LEXIS 52765, at *24 (S.D.N.Y. July 16, 2007) (dismissing claims because they were "bereft of 'facts to state a claim to relief that is plausible on its face' or to 'to raise a right to relief above the speculative level'") (quoting *Twombly*, 127 S. Ct. 1955 at 1965, 1974). Plaintiff's Complaint does not satisfy the new stricter Rule 12(b)(6) pleading standards in *Twombly*. He does not plead that he participated in proceedings under the discrimination statutes, and he alleges no facts that plausibly show either that he opposed unlawful discriminatory conduct or that he made MNRR aware that he opposed such conduct.

Accordingly, Defendants request that the Court dismiss all of Plaintiff's claims against them with prejudice and award to them all other relief to which they are justly entitled.

Dated: August 1, 2008
New York, New York

Respectfully submitted,

**LITTLER MENDELSON**
A Professional Corporation

By: _____
Eric D. Witkin
Elias J. Kahn
900 Third Avenue, 20th Floor
New York, NY  10022
212.583.9600

Attorneys for Defendants

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS MCCORMACK,<br><br>Plaintiff,<br><br>-against-<br><br>MTA METRO-NORTH RAILROAD, HARRY KELLY AND ROBERT SARACENI,<br><br>Defendants. | 2008 CV 4057 (SHS)<br><br>ECF Case<br><br>**CERTIFICATE OF SERVICE** |

  I hereby certify that on August 1, 2008, I served the foregoing Defendants' Memorandum of Law in Support of Their Motion to Dismiss on the following by filing it electronically with Clerk of the above-captioned Court using its CM/ECF systems and by also sending a copy via Federal Express next business day delivery, by placing said copy into a sealed envelope with postage affixed thereon into an official depository under the exclusive care and custody of the United States Postal Service, upon:

    Michael G. O'Neill
    30 Vesey Street, Third Floor
    New York, New York 10007

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed this 1st day of August 2008, in New York, New York.

               By: /s/ Anna Maria Loiacono

Firmwide:86066934.2 059573.1002