UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------
Thomas McCormack,

               Plaintiff,

      - against -

MTA Metro-North Railroad, Harry Kelly and Robert Saraceni,

               Defendants.
------------------------------------------

2008 CV 4057 (SHS)

# Memorandum of Law In Opposition to Defendants' Motion to Dismiss

Of Counsel:

Michael G. O'Neill

# Table of Contents

Table of Contents..................................................................................................................2

Authorities Cited..................................................................................................................3

Preliminary Statement..........................................................................................................4

Argument .............................................................................................................................4
      The Applicable Law................................................................................................4
      Plaintiff Does Not To Plead A "Participation" Claim of Retaliation. ............................4
      Plaintiff Has Sufficiently Pleaded An "Opposition" Claim of Retaliation.....................5

Conclusion ...........................................................................................................................7

# Authorities Cited

**Cases**

*Bell Atlantic Corp. v. Twombly*, __ U. S. ___, 127 S.Ct. 1955 (2007) .............................. 4

*Fesce v. Guardsman Elevator Co.*, 96 Civ. 6793 (LAP)(S.D.N.Y. 1998) ........................ 7

*Galdieri-Ambrosini v. National Realty & Dev. Corp.*, 136 F. 3d 276 (2d Cir. 1998) .. 5, 6

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ..................................................................... 4

*Patane v. Clark*, 508 F.3d 106 (2d Cir. 2007) .................................................................. 4

*Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170 (2d Cir. 1996) ................................... 5

*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002) ......................................................... 7

*Velasquez v. Goldwater Mem. Hosp.*, 88 F. Supp. 2d 257 (S.D.N.Y. 2000) .................... 6

## Preliminary Statement

The Memorandum of Law is submitted in opposition to defendant's motion to dismiss the amended complaint.

## Argument

### *The Applicable Law*

Defendants correctly state the legal standard that applies to this motion. The standard that has been adopted by the Second Circuit, interpreting the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, __ U. S. ___, 127 S.Ct. 1955 (2007), is one of "flexible plausibility." *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007). Under this standard, to survive a motion to dismiss, a plaintiff must plead facts sufficient to state a claim that is "plausible on its face." *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007)(quoting *Twombly*).

Although defendants have identified the correct legal standard, their motion simply ignores it. Defendants' motion argues that plaintiff's amended complaint should be dismissed because plaintiff has failed to allege all the facts needed to prove his claim. This has never been the standard for pleading a cause of action, and defendants' motion should be denied.

### *Plaintiff Does Not Purport To Plead A "Participation" Claim of Retaliation.*

Plaintiff does not allege that he participated in proceedings under Title VII and does not purport to plead a claim of retaliation based on such participation. Defendants have needlessly moved to dismiss such a claim. None was pleaded, and plaintiff does not argue that he has such a claim.

### *Plaintiff Has Sufficiently Pleaded An "Opposition" Claim of Retaliation.*

As correctly noted by defendants, Title VII[1] prohibits an employer from retaliating against an employee that opposes an employment practice that is unlawful under Title VII. *Galdieri-Ambrosini v. National Realty & Dev. Corp.*, 136 F. 3d 276 (2d Cir. 1998). It is not necessary for the employee to prove that the employment practice in question was in fact unlawful under Title VII, merely that he had a good faith, reasonable basis for believing that it was. *Id* at 292. In this case, plaintiff specifically alleges that he believed that the employment practices that he reported exposed Metro North to claims of employment discrimination (i.e., violated Title VII). Complaint, ¶12. Whether plaintiff's belief was reasonable is determined by a "totality of the circumstances." *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1178 (2d Cir. 1996). It is self evident, therefore, that the reasonableness of plaintiff's belief is an issue of fact that cannot be determined on a motion to belief. Under the "flexible plausibility" standard, plaintiff has clearly pled facts that make it plausible that his belief was reasonable. Nothing more is required.

---

[1] Unless stated otherwise, plaintiff uses the expression "Title VII" to refer to all his statutory claims of retaliation. Since, for purposes of this motion, plaintiff agrees with defendants that those claims are all governed by the same standard, plaintiff will not make separate arguments with respect to the various statutes pleaded in his complaint.

5

Defendants' argument that plaintiff has not pled that the complaints underlying the investigations by Workforce Diversity were complaints of "unlawful discrimination based on a protected category under Title VII" (defendants' Memorandum, page 7) is a red herring. As plaintiff's complaint makes clear (¶11), the complaints were complaints of discrimination and plaintiff was not privy to the details of the complaints. More importantly, however, the complaints, while undoubtedly relevant, are not determinative. It is plaintiff's belief concerning the employment practices of defendant (not the beliefs of the individuals that filed the complaints) that is in issue.

By the same logic, whether defendants reasonably understood plaintiff to be opposing an unlawful employment practice is necessarily viewed under the same "totality of the circumstances" standard. Defendants were patently aware that plaintiff reported Kelly's subversion of Metro North's employment policies. The allegations that plaintiff had been warned that such subversions exposed Metro North to claims of discrimination and that plaintiff, as a manager, was mandated to assist Metro North in its investigations of violations of those policies (complaint ¶¶ 9-11), renders it more than merely plausible that Metro North understood that plaintiff believed that Kelly's conduct violated Title VII.

Tellingly, defendants have not cited a single case in which a court has dismissed a complaint of retaliation for failing to plead the specific facts that defendants argue are missing from plaintiff's complaint. In support of their argument directed to plaintiff's opposition claim, defendants cite only three cases -- *Galdieri-Ambrosini v. National Realty & Dev. Corp.*, 136 F. 3d 276 (2d Cir. 1998); *Velasquez v. Goldwater Mem. Hosp.*, 88 F. Supp. 2d 257 (S.D.N.Y. 2000); and *Fesce v. Guardsman Elevator Co.*, 96

6

Civ. 6793 (LAP)(S.D.N.Y. 1998). Each of these cases concerned the failure of the plaintiffs to offer sufficient evidence, after discovery and on a full factual record, to prove his or her claim of retaliation. *Galdieri* was post-trial, and *Velasquez* and *Fesce* were on summary judgment. None of these cases has anything to do with pleading requirements. Plaintiff is just not required to allege facts at the pleading stage sufficient to prove all the elements of his claim. "[U]nder a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case . . .." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002).

Furthermore, plaintiff's cooperation with Workforce Diversity is not the only protected activity alleged in the complaint. After being removed from his position by Saraceni (in clear retaliation for plaintiff's participation in the Workplace Diversity investigations), plaintiff filed a formal charge of retaliation within Metro North. Complaint, ¶17. Plaintiff's filing of the internal charge of retaliation was clearly protected activity, and defendants have not argued that it was not. Since defendants have not raised any argument with respect to that protected activity, plaintiff need not (and can not) anticipate what arguments would be made with respect to it.

## Conclusion

For the foregoing reasons, defendants' motion should be denied in its entirety.

Dated: New York, New York
September 4, 2008

                                            MICHAEL G. O'NEILL
                                            (MO3957)

*[signature]*

_____
Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990